1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

UNITED STATES DISTRICT COURT
7       WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

JAMES KYLE PECK,                          CASE NO. C16-5580-RBL
9
                    Plaintiff,            ORDER DENYING MOTION FOR
10                                        LEAVE TO PROCEED IN FORMA
        v.                                PAUPERIS
11
JON TUNHEIM,
12
                    Defendant.
13

14        THIS MATTER is before the Court on Plaintiff Peck's Motion to Leave to Proceed in

15   forma pauperis, supported by his proposed complaint. [Dkt. #1] Peck claims that his prosecution

16   in Thurston County resulted in the loss of his parental rights. His complaint is summed up in one

17   paragraph:

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS - 1

claim in a separate paragraph. Attach additional sheets if necessary.) State Officials, those acting Under Color of State Law, have Deprived me of my Right to Care For my Child, and to make Child Rearing Decisions. they have Done this By Allowing my Child Custody Case to Conclude in the other Parents Favor, without First Requiring me to Be Served. with the Case Concluded, the other Parents Received 100% of All Control and Custody of our Child "For Life" My incarceration Was used to do this. I was Refused Due Process,

[Dkt. #1]

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

1   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2   *Iqbal*, 556 U.S. at 678.

3       Peck's complaint does not meet this standard. The conclusory claim that the prosecutor

4   deprived him of his right to raise his child (in violation of his due process rights) is facially

5   frivolous. Any incarcerated person loses his or her ability to raise his child, and a host of other

6   rights. The naked claim that by prosecuting Peck, the prosecutor violated his constitutional rights

7   is insufficient as a matter of law.

8       The Motion to proceed in forma pauperis is **DENIED**. Peck shall pay the filing fee, or

9   file an amended complaint plausibly articulating a factual basis for the claim that Defendant

10  violated his rights by "allowing" his child custody case to be decided against him within **21 days**

11  of this Order, or the case will be dismissed.

12      Peck is cautioned that this court cannot and will not review state court decisions or

13  determinations. This Court cannot and will not review or reverse decisions made in state court.

14  The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of

15  injuries caused by state-court judgments . . . and inviting district court review and rejection of

16  those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct.

17  1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in

18  federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state

19  court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de

20  facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d

21  1041, 1050 (9th Cir. 2008).

22

23

24

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS - 3

1        Furthermore, if and to the extent Peck is suing defendant Tunheim for prosecuting him,

2  Tunheim is entitled to prosecutorial immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 430, 96

3  S.Ct. 984, 47 L.Ed.2d 128 (1976).

4        An amended complaint that asserts the prosecutor is liable for the collateral consequences

5  of Peck's conviction and incarceration, or seeks reversal of some state court adjudication, will be

6  dismissed without further notice.

7        IT IS SO ORDERED.

8        Dated this 18th day of July, 2016.

9

10                             Ronald B. Leighton
                                  

11                        Ronald B. Leighton
                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24