HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES KYLE PECK,<br><br>               Plaintiff,<br><br>    v.<br><br>JON TUNHEIM,<br><br>               Defendant. | CASE NO. C16-5580-RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>[Dkt. #s 3 and 4] |

    THIS MATTER is before the Court on Plaintiff Peck's renewed motion for leave to proceed *in forma pauperis* [Dkt. #4] supported by his proposed amended complaint [Dkt. #3]. The court denied his prior application because his complaint included only the conclusory claim that prosecutor Tunheim, acting under color of state law, deprived him of his right to care for his child. Peck is incarcerated, apparently after being successfully prosecuted by Tunheim.

    Peck's amended complaint repeats his claim that he is attempting to get a hearing in state court, but that somehow Tunheim is "striking" his motions, without notice to him and without the court's involvement. He claims that Tunheim is acting outside of the scope of his authority by violating Peck's rights under the parental-autonomy doctrine. Thus, he claims, Tunheim is not

1  entitled to prosecutorial immunity. He seeks an order directing Tunheim not to violate the

2  parental-autonomy doctrine.

3       A district court may permit indigent litigants to proceed *in forma pauperis* upon

4  completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad

5  discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

6  actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th

7  Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed

8  *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the

9  action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369

10 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*

11 complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v.*

12 *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

13 1984).

14      A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it

15 must nevertheless contain factual assertions sufficient to support a facially plausible claim for

16 relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*

17 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A

18 claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

19 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

20 *Iqbal*, 556 U.S. at 678.

21      Peck's new complaint fails to meet this standard. He has plead no facts supporting his

22 conclusory claim that Tunheim has violated his rights—there is no articulation of what he did,

23 when, or how he managed to "strike" hearings that Peck filed in state court without the court's

24

involvement. There is no plausible claim that he is violating the rights Peck claims. What is he doing, exactly? Why is it actionable in this court? What is the basis for the Court's jurisdiction over the claim? How can it be that Tunheim is acting under color of state law if he is being sued personally, and not for his conduct as a prosecutor? Under the *Rooker Feldman* doctrine (explained in the Court's prior Order), how can this Court tell the state court how to address or respond to Peck's filings there? It is not enough to simply say that Tunheim is violating something—Peck must plead actual facts plausibly supporting such a conclusion. He has not done so.

Peck's motion for leave to proceed *in forma pauperis* is DENIED. He shall pay the filing fee or file an amended complaint addressing these deficiencies (answering these questions) within 21 days of this Order or the matter will be dismissed.

IT IS SO ORDERED.

Dated this 19th day of September, 2016.

_____

Ronald B. Leighton
United States District Judge
