HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES KYLE PECK,<br><br>                Plaintiff,<br><br>    v.<br><br>JON TUNHEIM,<br><br>                Defendant. | CASE NO. C16-5580RBL<br><br>ORDER OF DISMISSAL |

THIS MATTER is before the Court on Plaintiff Peck's "Motion and Declaration for Notice" [Dkt. # 11]. Peck is *pro se*, his prior efforts to obtain *in forma pauperis* status were denied [Dkt. #s 2 & 5]. Peck was ordered to pay the filing fee or file an amended complaint. He has since sought and obtained two extensions of time for doing so. His second effort, Dkt. # 8, included both a prosed amended complaint and a motion seeking additional time to locate and provide evidence to the court. The motion was granted and the "evidence" was supplied [Dkt. #9].

Peck's current motion argues that he "has not received a ruling" on his second amended complaint [Dkt. #11].

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Peck continues to claim that Kitsap County Prosecutor Tunheim is violating his rights by interfering with his ability to communicate with and generally parent his child. Peck denies that this claim is based on the fact of his own incarceration, and that he blames Tunheim for that incarceration. He denies that he is appealing or seeking revision of any state court decision.

Instead, he claims that whenever he sets a hearing in state court—seeking "an opportunity to be heard in an effort to have companionship with his child"—Tunheim comes to court and

asks the court to strike the hearing based on Peck's failure to appear. He has submitted what appear to be docket entries from the superior court, and while it is hard to interpret, it does appear that some hearings were stricken for "non-appearance." But it seems obvious that Peck did not in fact appear at the hearing. It is unclear what Peck thinks the opposing attorney, or the court, should have done instead, when the moving party is not present. Tunheim's name does not appear on the docket, and it is not clear what the hearing(s) were supposed to address, or why a hearing was required in the first place.

In the absence of some order prohibiting it, Peck is free to communicate with his child, and to the child's companionship, subject, of course, to the fact that Peck is in prison. Peck denies that it is this particular impediment that is the subject of his suit, but he has not pled a plausible claim that the impediment is instead something that Tunheim personally did to deprive Peck of his parental rights[1]. And alleging (or even proving) that the state court struck hearings scheduled by Peck because Peck did not appear at them is not plausibly a violation of Peck's constitutional rights, and certainly not a violation caused by Tunheim.

The petition for leave to proceed *in forma pauperis* is therefore **DENIED**. Because this is the third attempt at stating a claim, the matter is **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated this 9th day of March, 2017.

Ronald B. Leighton
United States District Judge

---

[1] If there *is* a state court order prohibiting contact, then Peck's claim here does appear to be a de facto appeal of that order, and this court cannot address it.